THOMAS S. POWELL, plaintiff in error, *vs.* WILLIS F. WEST-MORELAND, defendant in error.

Where the defendant, who was a surgeon and a physician, was prevented from being in attendance upon the Court at the time of the trial of his case, by an urgent call upon him in his professional capacity, which it was his paramount duty to obey, and it was made to appear, by affidavit, that his evidence would have been material, and that his counsel were deprived of his aid in the defense, this Court will not control the discretion of the Court below in ordering a new trial.

New trial. Before Judge HOPKINS. Fulton Superior Court. October Term, 1872.

For the facts of this case, see the decision.

D. F. & W. R. HAMMOND; A. C. GARLINGTON, for plaintiff in error.

L. E. BLECKLEY; T. P. WESTMORELAND; JOHN MILLEDGE, for defendant.

WARNER, Chief Justice.

This was an action of trespass for an assault and battery, and a verdict for the plaintiff for $4,447 18.   The error complained of is that the Court below granted a new trial, on the ground that the defendant was prevented from being present at the trial for the reasons stated in the following affidavits:

" W. F. Westmoreland, the defendant in the above stated case, being duly sworn, deposeth and saith that he intended to be present at the trial of said case, and was about to leave his office, a few hundred yards from the Court-house, to attend Court on the morning of the trial, when he received a call, as physician and surgeon, to go immediately to the relief of Mrs. Annie E. Atkinson, who, in eating some sausage-meat, had lodged a piece of wood in her throat.   Defendant, supposing that he would be detained but a few minutes, as the lady's house was not far from his office, went to her and found her in great agony.   He endeavored to extricate the stick from her throat, but by reason of her nervous condition and frequent efforts to vomit, he did not succeed at once.   When he did succeed, she fainted, and this was followed by nervous or hysterical spells, requiring defendant's attention for about two hours.   Another physician (Dr. Sterling) was sent for, and as soon as he arrived deponent left and went to the Court-house. When he reached there, the trial was ended, or about ended, as deponent was informed, and being told that he was too late, and not knowing or supposing that he would then be heard, he went away and gave his attention to other urgent professessional business.   Deponent believes that it was between nine and half-past nine o'clock, A. M., when he went to see the lady, and that he reached the Court-house before twelve o'clock, M.   He says he was at the time a regular practicing

Powell *vs.* Westmoreland.

physician and surgeon in the city of Atlanta; that he was Professor of Surgery in the Medical College, and gave special and particular attention to cases of surgery, to which branch of practice the case of Mrs. Annie E. Atkinson appropriately belonged. Deponent believes that this was the reason why the call was made upon him rather than upon some other physician of the city. He states that but for said call, he would have been at the trial, and that his presence there would, he believes, have been serviceable to his defense. He had not intended to be absent at the time, and had not prepared his counsel to conduct the defense without the help of suggestions and explanations from deponent himself. Deponent also knew material facts to which he could and would have testified as a witness. He would have sworn that plaintiff was not confined for as much as two weeks; or, at all events, that deponent saw him on the streets in less time than that—probably within a week or ten days after the rencounter. He could and would have testified that he chastised plaintiff for instigating a scandalous publication touching a member of deponent's family, involving her honor as a lady. Deponent believed, in good faith, that plaintiff was guilty of this outrage, and acted on that belief; and he could have explained his conduct to the jury had he been present at the trial."

This affidavit of the defendant as to the condition of Mrs. Atkinson, and his attendance upon her, is corroborated by her affidavit, and the affidavit of Clara Stapler.

The 3661st section of the Code declares that the Superior Courts in this State, shall have power to grant new trials in any cause depending therein, in such manner and under such rules and regulations as they may establish according to law and the usage and custom of Courts. The Code also specifies several grounds on which new trials may be granted, but the ground of the present motion is not included in them. The 3667th section, however, declares that in all applications for a new trial on other grounds not provided for in this Code, the presiding Judge must exercise a sound legal discretion in granting or refusing the same, according to the provisions of

the common law and practice of the Courts. In this case, the defendant was prevented from being present at the trial by an occurrence which, in our judgment, it was his paramount duty to regard, as a physician and surgeon, and to have given his time and attention to his suffering patient, and that he cannot be said to have been in default in not being present at the trial, under the statement of facts disclosed in the record. The plaintiff stated in his evidence that he was confined to his house six weeks on account of the injury he received. The defendant states that if he had been present at the trial, he would have testified that the plaintiff was not confined as much as two weeks; that he saw him on the streets within a week or ten days after the rencounter. This would have been competent evidence in rebuttal of the plaintiff's evidence, although the other facts which he proposed to prove might not have been competent, besides, it was his right to have been present to have aided his counsel in his defense independent of his right to have been sworn as a witness in his own favor.

In view of the facts as disclosed in this record, we will not control the exercise of the discretion of the Court below in granting the new trial. The presiding Judge was present on the former trial, and is much more familiar with what then transpired than this Court possibly can be.

Let the judgment of the Court below be affirmed.